IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2019 JAN 17 PM 2:05

**PATRICIA SMITH-FIELDS**

Plaintiff,

CASE NO:

8:19 cv 129 T 17 TGW

Vs

**STATE OF FLORIDA- DEPARTMENT OF TRANSPORTATION**

Defendant(s).
_____/

### ORIGINAL COMPLAINT[1]

COMES NOW, the Plaintiff, Patricia Smith-Fields ("the Plaintiff"), by and through her undersigned counsel, and files this original complaint against the Defendant (State of Florida Department of Transportation ("the State") and alleges:

**A. Jurisdictional Statement**

1. The U.S. District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. That the federal question involved in this case arises under Title VII of the 1964 Civil Rights Act, Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 1983 ("Equal Rights Under Law"), and the Equal Protection Clause, Fourteenth Amendment, U.S. Constitution.

3. That the Plaintiff is a resident of Winter Haven, Florida. She is black/African American.

4. That the Defendant is a public corporation and subdivision of the State of Florida with its principal operation in Winter Haven, Florida.

---

[1] A member of the Florida Bar assisted me with drafting and filing this complaint. The nature of this service was pro bono publico (Free Legal Assistance).



5. Prior to filing this lawsuit, the Plaintiff filed a Charge of Discrimination before the U.S. Equal Employment Opportunity Commission (U.S. EEOC). The said U.S. EEOC issued to the Plaintiff a Notice of Suit Rights, which the United States Postal Service (USPS) date-stamped on October 20, 2018. See attached Exhibit A.

## STATEMENT OF FACTS

### Introduction

5. Plaintiff is an African American woman. She was originally hired at the State of Florida on June 26, 1986, and with the Defendant on May 1, 1999.

6. The Defendant hired the Plaintiff for the position of Assistant Facility Manager, and promoted her to the position of Toll Booth Facility Manager in 2006.

7. Since 2015, the Plaintiff's manager was Barbara Brantley (white female), who held the position of Regional Toll Manager. Her next-level manager was Department Director Melissa Burger, who is also a white female.

8. The Plaintiff supervised five subordinate-level supervisor, 1 custodian, 1 assistant manager, and between 30-40 toll collectors.

9. The Plaintiff was the only African American Facility Manager out of a total of about 10 Facility Managers. The other managers were white/ Caucasian.

10. Plaintiff's immediate managers, Brantley and Burger (white females), singled the Plaintiff out and treated her far differently and far less favorably than the Plaintiff's similarly-situated white Facility Managers.

   A. Brantley and Burger held Plaintiff to far more stringent performance standards, than her similarly-situated white counterparts;

2

B.  Brantley and Burger encouraged Plaintiff's subordinate level co-workers to write and submit complaints against the Plaintiff, but, under similarly circumstances, they discouraged subordinate-level co-workers from writing and submitting complaints against similarly-situated white Facility Managers.

C.  Department Director Burger had previously caused at least two other African American Facility Managers to resign or be terminated, under similar conditions.

D.  On or about April 13, 2018, Brantly and Burger caused the Plaintiff to be terminated, due to false charges submitted against the plaintiff from two subordinate-level employees. Plaintiff submitted to the U.S. EEOC rebuttal witnesses who either disproved the charges or refuted the accusations. The Defendant gave the Plaintiff not due process rights to rebut the complaints, before terminating her.

### COUNT I.  Race Discrimination

11. The Plaintiff hereby re-alleges and re-states averments 1 through 10, which should be read as a complete sub-part to this claim for relief, as per Rule 8 of the Fed.R.Civ.P.

12. The Plaintiff is a member of a protected class in that she is black/ African American.

13. The Defendant has firmly established and written terms, conditions, and privileges of employment that govern workplace performance and disciplinary actions.

14. The Defendant has administered these terms, conditions and privileges of employment in a manner that is discriminatory, in that it has treated the Plaintiff far less favorably that her similarly-situated white co-workers.

15. At all times pertaining to this complaint, the Plaintiff was fully qualified to perform her job and she met the reasonable criteria of performance expectations.

16. WHEREFORE, the Plaintiffs demand:

    A. Trial by Jury.

    B. Judgment against the Defendants for compensatory.

    C. Affirmative Action, as deemed appropriate by the Court.

    D. Injunctive Relief, as deemed appropriate by the Court.

    E. Attorney's fees and costs.

    F. For whatever additional relief as is deemed just and appropriate by this honorable Court.

## COUNT II. Retaliation

17. The Plaintiff hereby re-alleges and re-states averments 1 through 16, which should be read as a complete sub-part to this claim for relief, as per Rule 8 of the Fed.R.Civ.P.

27. When the State of Florida- DOT terminated Plaintiff on April 13, 2018.

    A. Prior to this termination, the Plaintiff engaged in protected activities in that she was required to participate in an EEOC investigation involving a charge of discrimination, whereby co-worker Betty Gadsen had accused the Plaintiff of disability discrimination and harassment, which the Plaintiff denied. In March 2018, the Plaintiff raised concerns that Betty Gaden was failing or refusing to perform work out of spite stemming from her EEOC complaint in which the Plaintiff was named as a harasser, thus causing the Defendant to remove Ms. Gadsen from Plaintiff's team.

    B. The Defendant terminated the Plaintiff on April 13, 2018.

    C. There is a causal connection between the Plaintiff's termination and her protected activity.

28. WHEREFORE, the Plaintiffs demand:

    A. Trial by Jury.

    B. Judgment against the Defendants for compensatory and punitive damages.

    C. Affirmative Action, as deemed appropriate by the Court.

    D. Injunctive Relief, as deemed appropriate by the Court.

    E. Attorney's fees and costs.

    F. For whatever additional relief as is deemed just and appropriate by this honorable Court.

RESPECTFULLY SUBMITTED:

_____
Patricia Smith-Field
Pro Se
P. O. Box 623
Winter Haven, Florida 33882

DATE: 01/17/2019

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via facsimile and regular mail this June 14, 2018 to:

City of Tampa
Office of the City Attorney
ATTN: Toyin Hargret, Esq.
1st Floor, City Hall
315 E. Kennedy Blvd.
Tampa, Florida 33602
(813) 274-8962
(813) 274-8777 facsimile


                                              **/s/ Roderick O. Ford**
                                              Roderick O. Ford